**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JAN MICHELLE BARRANCO,**

       **Plaintiff,**

v.                                                                            Case No: 6:21-cv-813-DAB

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## MEMORANDUM OF DECISION

Jan Barranco ("Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits and supplemental security income filed on June 20, 2019, her alleged disability onset date. Doc. No. 1; R. 24. Claimant argues that the decision should be reversed because the ALJ erred in failing to evaluate properly the medical opinion of Claimant's treating psychiatric nurse practitioner and treating neurologist in determining Claimant's residual functional capacity ("RFC"). Doc. No. 35 at 21-29. Claimant also contends that the Appeals Council erred in considering additional evidence submitted by Claimant when it denied her request for review. Doc. No. 35 at 43-45. Because Claimant did not demonstrate reversible error by the ALJ or the Appeals Council, the final decision of the Commissioner is **AFFIRMED.**

## I. STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (alteration in original)); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "may not decide the facts anew, reweigh the evidence, or substitute

[its] judgment for that of the [Commissioner]." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## II.     ANALYSIS.

On October 29, 2020, the ALJ found that Claimant had the following severe impairments: Parkinson's disease; herniated nucleus pulposus at C6-7; herniated nucleus pulposus at L5-S1 and L4-5; pseudobulbar palsy; and major depressive disorder. R. 27. Despite these impairments, the ALJ found that Claimant had the RFC

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb stairs and ramps, stoop, crouch, and kneel. She cannot crawl or climb ladders, ropes, or scaffolds. She can frequently reach, handle, and finger bilaterally. She cannot have concentrated exposure to extreme cold, extreme heat, vibration, or hazards, including unprotected heights or moving machinery. She cannot perform tasks involving teamwork or fast-paced or assembly line type work; and can perform work that involves occasional simple decision-making and occasional changes to the work setting.

R. 30.[1] On the basis of testimony from a vocational expert, the ALJ found that

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." C.F.R. §§ 404.1567(a), 416.967(a). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." *Id.*

Claimant could not perform her past relevant work as a laboratory manager, laboratory supervisor, high school teacher, chemist, and chemical lab technician, but that she could perform other work in the national economy, such as mail clerk, marker, office helper, or router. R. 36-37. The ALJ thus found that Claimant was not disabled from April 14, 2019 through the date of the ALJ's decision. R. 37. Claimant then sought review from the Appeal's Council and submitted additional evidence. R. 1-4, 13-20; *see* 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). The Appeals Council denied review, however, on March 15, 2021. R. 1-4.

Claimant first contends that the ALJ erred in determining her RFC by not properly evaluating the medical opinions of psychiatric nurse practitioner Alexis Eppes , A.R.N.P. ("NP Eppes") and neurologist Gary Weiss, M.D. ("Dr. Weiss"). While both NP Eppes and Dr. Weiss had treatment relationships with Claimant, Dr. Weiss only evaluated Claimant twice. R. 517-40, 544-49, 561-66. The ALJ found the opinions of both NP Eppes and Dr. Weiss to be "less persuasive." R. 34-35.

In 2017, the Social Security Administration revised its regulations regarding the consideration of medical evidence, with those revisions applicable to all claims filed after March 27, 2017. *See* 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). The revisions redefined terms related to evidence; revised how the agency considers medical opinions and prior administrative medical findings; and revised rules about treating sources, acceptable medical sources, and medical and

psychological consultants. *Id.*; *see* 20 C.F.R. §§ 404.1520c, 416.920c. The final rules became effective on March 27, 2017. 20 C.F.R. §§ 404.1520c, 416.920c. Because Claimant applied for benefits after March 27, 2017 (R. 24), the new regulations apply in this case.[2]

Under the new rules, an ALJ must apply the same factors in the consideration of the opinions from all medical sources and administrative medical findings, rather than affording specific evidentiary weight to any particular provider's opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). "The ALJ will articulate in the administrative decision how persuasive all of the medical opinions are in the case record . . . ." *Swingle v. Comm'r of Soc. Sec. Admin.*, No. 6:20-cv-365, 2020 WL 6708023, at *2 (M.D. Fla. Nov. 16, 2020) (citing 20 C.F.R. § 404.1520c(b)). The ALJ must consider (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" in assessing an opinion's persuasiveness. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). Supportability and consistency constitute the most important factors in any evaluation of a medical opinion, and the ALJ must explain the consideration of those two factors. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). Thus, "[t]he more relevant

---

[2] The Eleventh Circuit recently upheld use of the new medical evidence regulations, including the abrogation of prior caselaw inconsistent with the new regulations. *Harter v. Social Security Administration,* ___F.4th ___ (11th Cir. Case No. 21-12148 June 27, 2022)

the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s)," and "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2); *see Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021) ("Overall, supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record."). The ALJ may, but is not required to, explain how the ALJ considered the remaining three factors (relationship with claimant, specialization, and "other factors"). 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

NP Eppes began treating Claimant in April 2018, continuing with treatment and evaluation every one to three months. R. 517-40. In April 2018, when Claimant first reported to NP Eppes, she said that her depression symptoms worsened since being diagnosed with early onset Parkinson's disease, but that her medication had been "successful in managing most of her symptoms." R. 537. On examination, NP Eppes noted that Claimant "presents as friendly, attentive, communicative, and

relaxed" and that her "[m]ood presents as normal with no signs of either depression or mood elevation," with an "appropriate, full range" affect that is "congruent with mood." R. 539. By June 2018, Claimant reported to NP Eppes that she is "not totally depressed, but [does not] feel like [her] usual happy self either." R. 535. Claimant also reported that she "[f]eels [her] depression has improved greatly, but is not entirely under control." *Id.* On examination, NP Eppes noted that Claimant's "mental status has no gross abnormalities." *Id.* From July 2018 through February 2019, Claimant continued to report that her current medications "have been beneficial in managing symptoms with little to no side effects" and revealed "no apparent serious mental status abnormalities" upon examination. R. 530-31, 533.

From May 2019 to January 2020, Claimant continued to report that her "depressive symptoms are well managed on current medications," though during examinations, Claimant showed "[s]igns of mild depression," including a sad demeanor and appearing "downcast." R. 522-29. Despite these symptoms, Claimant reported that she started regular therapy which "helped [her] to make small improvements." R. 522. Claimant also began a boxing class, which Claimant described as fun. *Id.* By March 2020, Claimant reported she was feeling better, denied symptoms of depression, and reported that she was walking her dog daily and continued to be in therapy. R. 518-19. In May 2020, Claimant reported that she

has "been pretty good actually," described no depressive symptoms, continued to walk daily, take boxing classes a few days each week, and pursue ongoing therapy. R. 517-18.

In addition to NP Eppes' treatment notes from Claimant's appointments, NP Eppes also completed an evaluation regarding Claimant's ability to do work related activities on July 6, 2020. R. 542-43. The evaluation form was mostly check boxes and simple fill in the blanks. *Id.* NP Eppes indicated that Claimant was "seriously limited" in her ability to: understand and remember very short and simple instructions; maintain attention for two hours segments; sustain an ordinary routine without special supervision; work in coordination with or proximity to others without being unduly distracted; make simple work-related decisions; ask simple questions or request assistance; be aware of normal hazards and take appropriate precautions; carry out detailed instructions; set realistic goals; and interact with the general public. *Id.* NP Eppes further indicated that Claimant was "unable to meet competitive standards" in her ability to: remember work-like procedures; complete a normal work day and workweek without interruptions; perform at a consistent pace; and accept instructions. *Id.* NP Eppes also opined that Claimant's impairments or treatment would cause her to be absent more than four day per month and that she would be unable to deal with normal work stress. *Id.*

Here, the ALJ approriately assessed the supportability and consistency of NP Eppes' opinion, and the Court finds that substantial evidence supports the ALJ's decision that NP Eppes' opinion was "less persuasive." With respect to supportability, the ALJ provided that "the undersigned finds Ms. Eppes's statement less persuasive," noting that NP Eppes' "responses were on a checkbox form with minimal supportive rationale." R. 34. In underscoring Claimant's relatively benign treatment records, the ALJ cites NP Eppes' notes providing that Claimant's depressive symptoms were under control with medication, that Claimant's mental status had no gross abnormalities, and that Claimant herself reported to NP Eppes that she has "been pretty good actually." R. 34, 517-40. The ALJ also emphasized that NP Eppes' own treatment notes do not support the restrictive limitations suggested by NP Eppes in the July 2020 evaluation. R. 34. For example, the ALJ noted that, despite indicating that Claimant would be "seriously limited" or "unable to meet competitive standards in nearly every area of functioning," NP Eppes' treatment notes "document almost exclusively signs of 'mild depression,' with no serious ongoing complaints or objective findings, and no extended exacerbations." R. 34. Related to consistency, the ALJ underscored that Claimant's record shows routine and infrequent treatment, "with no recommendations for aggressive outpatient or intensive inpatient treatment," citing Claimant's therapy treatment notes with Mary Beth Laburda, L.M.H.C. R.

34, 507-16.

Claimant also argues the ALJ erred in assessing the opinion of Dr. Weiss. Doc. No. 35 at 21-29. Claimant initiated care with Dr. Weiss in July 2020 and followed up with one additional examination via telehealth in September 2020. R. 544-49, 561-66. At her initial appointment with Dr. Weiss, Claimant reported that "[h]er symptoms are pretty much stable on her current medication regimen," and Dr. Weiss noted that Claimant "is overall in good health." R. 544. Nevertheless, Dr. Weiss provided that Claimant has poor short term memory; has difficulty with focusing and staying on task; has constant neck pain and low back pain; decreased grip; difficulty with fine manipulation; and poor gait and balance. R. 544-45. At the September follow up, Dr. Weiss noted that Claimant "denies having any new complaints today," but that Claimant "says her short term memory is still not good" and that Claimant "still has constant neck pain that radiates into her left shoulder and occasionally into her left arm," as well as "constant low back pain" and balance that "remains unsteady and poor." R. 561-62.

Following Claimant's September 2020 telehealth appointment with Dr. Weiss, the doctor completed a Physical Restrictions Evaluation. R. 572-75. Dr. Weiss provided that Claimant has an ability to sit, stand, and walk for only five hours a day, with a maximum of 15 to 30 minutes sitting without interruption, and 5 to 10 minutes standing or walking without interruption. R. 572. Dr. Weiss also

noted that Claimant would be off task 25 percent or more of the day and would be absent three or more times a month. R. 573. Dr. Weiss further provided limitations on Claimant's ability to lift, carry, reach overhead, perform fine manipulations, and push and pull with hands. R. 573-74. Dr. Weiss also limited Claimant to environments with "low stress." R. 575.

Here, the ALJ appropriately assessed the supportability and consistency of Dr. Weiss' opinion, and the Court finds that substantial evidence supports the ALJ's decision that Dr. Weiss' opinion was "less persuasive." With respect to supportability, the ALJ provided that Dr. Weiss' "opinion is supported in part by his findings of gait abnormality, decreased range of motion, and muscle spasm." R. 35. Despite Dr. Weiss' evaluation opinion being supported, in part, by his own examination findings, the ALJ ultimately found Claimant's "presentation with Dr. Weiss" to be "significantly inconsistent with the overall record." R. 35. The ALJ relied on Claimant's noted improvements with treatment and successful medication management, as well as notes of Claimant's "fluid gait" elsewhere in the evidence of record. R. 34, 59, 465, 488, 501, 504, 541. The ALJ also found Claimant's presentation with Dr. Weiss to be inconsistent with Claimant's reported activities in the record, including her participation in weekly boxing classes, daily exercise walks with her dog, and Claimant's reported ability to live independently. R. 35, 61, 517-18, 522. While the ALJ relied primarily on the

supportability and consistency—the most important factors in any evaluation of a medical opinion[3]—the ALJ also underscored Dr. Weiss' treatment relationship[4] with Claimant in evaluating Dr. Weiss' opinion. R. 35. The ALJ emphasized that Dr. Weiss provided the "serious limitations" in his evaluation only after "a single in person evaluation with one follow up telehealth consultation." *Id.*

Claimant's argument that the ALJ provided "insufficient rationale" and "fail[ed] to follow the regulations for evaluating medical opinions" is misplaced—the ALJ properly applied the regulations, primarily relying on the supportability and consistency factors. *See* 20 C.F.R. §§ 404.1520c(b)(2), (c)(1)-(5), 416.920c(b)(2), (c)(1)-(5). Because the ALJ's finding regarding the opinions of both NP Eppes and Dr. Weiss is supported by substantial evidence, the undersigned finds no error in the ALJ's decision. Moreover, it is the ALJ's responsibility alone to review objective medical evidence and medical opinion evidence in formulating the RFC. *See id.* §§ 404.1520, 416.920; *see also McBride v. Berryhill*, No. CV416-220, 2017 WL 2313008 at *3 (S.D. Ga. Apr. 21, 2017) ("[T]he ALJ alone synthesizes the (creditable) objective medical evidence, the medical opinion evidence, *and* the testimonial evidence into a single, comprehensive RFC assessment.")

---

[3] *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

[4] *See* 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

As noted above, it is not the role of the Court to "reweigh the importance attributed to the medical evidence" by the ALJ or to decide facts anew. *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 833 (11th Cir. 2011) (per curiam) (citation omitted); *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018). Moreover, the ALJ is only required to address the supportability and consistency factors in his or her decision, and may, but is not required to, explain how he or she considered the other factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Consistent with the amended Regulations, the ALJ here relied primarily on her evaluation of the supportability and consistency of the opinions of record.

Even where the evidence could support a different conclusion, the ALJ's decision must be affirmed if it is supported by substantial evidence and based on proper legal standards. *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Here, the ALJ applied the proper legal standards, provided a detailed analysis of the evidence of record, and sufficiently articulated the reasons why she did not find NP Eppes or Dr. Weiss' opinions to be fully supported by or consistent with the record evidence. Thus, the undersigned finds the ALJ's decision regarding Claimant's physicians' opinions is supported by substantial evidence.

Finally, Claimant argues that the Appeals Council erred in rejecting the new evidence she submitted after the ALJ decided on October 29, 2020 that Claimant was not disabled from April 14, 2019 through the date of the ALJ's decision. Doc.

No. 35 at 43-45; R. 1-4, 14-20. The new evidence includes medical records from Atlantic Psychiatric Center, dated July 7 through September 1, 2020; treatment records from Dr. Weiss, dated October 8, 2020 and December 11, 2020; and a Medical Source Statement from NP Eppes, dated December 1, 2020. R. 2, 14-20. The Appeals Council stated that "this evidence does not show a reasonable probability that it would change the outcome of the decision," and that the December 11, 2020 medical evidence from Dr. Weiss, specifically, "does not relate to the period at issue" and "it does not affect the decision about whether [Claimant was] disabled beginning on or before October 29, 2020." R. 2.

"A claimant may generally present new evidence at each stage of the administrative process—including to the Appeals Council—if the evidence is new, material, and relates to the period on or before the date of the ALJ's decision." *Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1072 (11th Cir. 2019) (per curiam) (citing 20 C.F.R. §§ 404.970, 416.1470; *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007)). If the evidence is new, material, and chronologically relevant, then the Appeals Council must consider it. *Id.* "When the Appeals Council erroneously refuses to consider such evidence, it commits legal error, and remand is appropriate." *Id.* (citing, *inter alia*, *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015) (per curiam)). Evidence is material if "there is a reasonable possibility that it would change the

administrative result." *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987); *see* 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5) (stating that Appeals Council will review a case "[s]ubject to paragraph (b) of this section, [if it] receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision").

The Appeals Council did not err in denying review because the additional medical records submitted by Claimant did not contain new, noncumulative material and the additional records submitted do not have a reasonable probability of changing the ALJ's decision.

Claimant specifically challenges the letter dated December 1, 2020 from NP Eppes. Doc. 35 at 43-45. In the December 1 letter, Dr. Eppes states that Claimant's "symptoms are severe in nature to the point that they limit her ability to function effectively in the work setting" and that Claimant's "depressive symptoms negatively impact her ability to focus on tasks," because Claimant is "often easily forgetful and requires regular reminders to reschedule her appointments or to refill her medications." R. 20. NP Eppes also provides, however, that Claimant's "symptoms have been under better control over the past months," but explains that this is because Claimant "has not had to deal with the external stress of coping with the work environment." *Id.*

Claimant's argument that NP Eppes' letter presents a reasonable probability that the additional evidence would change the outcome of the ALJ's decision is misplaced. While NP Eppes underscores her opinion that Claimant's symptoms would limit her ability to function effectively in a work setting, this opinion is neither new nor noncumulative. *See Caulder v. Comm'r of Soc. Sec.* 791 F.2d 872, 877 (11th Cir. 1986); *see also* 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). In NP Eppes' July 2020 evaluation, NP Eppes noted that Claimant is either "seriously limited" or "unable to meet competitive standards" in many work-related abilities, including memory, following instructions, attendance, pace, responding to workplace changes, and handling stress. R. 542-43. It is precisely this evaluation, dated July 2020, that the ALJ found to be neither supported by NP Eppes' own treatment records nor consistent with the record as a whole. R. 34. Before issuing her decision, the ALJ reviewed the evidence the record, including NP Eppes' treatment records which spanned more than two years, as well as Claimant's treatment records from other providers, hearing testimony, and objective medical findings.

Despite being relevant and material, the evidence submitted by Claimant is cumulative and does not present a new diagnoses or treatment. Claimant's new evidence did not demonstrate the existence of a new medical condition, but instead reiterated the opinion proffered by NP Eppes in July 2020, which the ALJ

already determined was "less persuasive" given the record as a whole, including NP Eppes' treatment records. *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 783-85 (11th Cir. 2014) (finding that Plaintiff's new evidence was cumulative and included information already within Plaintiff's record). Moreover, Claimant's newly submitted evidence does not undermine the ALJ's decision. "[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1262 (11th Cir. 2007). NP Eppes' December 2020 letter merely restates her earlier opinion regarding Claimant's workplace limitations, and does not undermine the ALJ's decision. Accordingly, the Appeals Council did not err, and the Court affirms the Commissioner's final decision.

### III. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**DONE** and **ORDERED** in Orlando, Florida, on July 1, 2022.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Bradley K. Boyd, Esq.
1310 West Eau Gallie Boulevard, Suite D
Melbourne, FL 32935

Roger B. Handberg
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

John C. Stoner, Acting Regional Chief Counsel
Brian Seinberg, Acting Deputy Regional Chief Counsel
Megan E. Gideon, Branch Chief
Nathaniel Heber, Assistant Regional Counsel
Nadine Elder
Social Security Administration
Office of the General Counsel, Region IV
Sam Nunn Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Laureen Penn
Administrative Law Judge
Office of Hearings Operations
3505 Lake Lynda Dr., Ste. 300
Orlando, FL 32817-8338